Good morning, your honors. I'm Jeffrey Baird representing Mr. Chaudhry. May it please the court. The price of deference is the duty to develop the record and articulate what is in it accurately. ALJs are given a great deal of deference as inquisitors. They function on a sort of European model where they don't have adversaries but they gather evidence, they weigh it, and they're given great deference in fact-finding. This court in the McLeod decision found that an important aspect of developing the record for a veteran is to obtain a veteran's disability rating, the overall disability rating. In the case at hand the plaintiff testified he had a hundred percent rating. His attorney at the hearing asserted a 100% rating. The ALJ did not ask about it. Two of the positions of record referred to a 90% disability rating. The ALJ did not obtain that rating. What do we know about the document that would resolve that question? Well, under Lowry v. Barnhart, I get fined $10,000 if I submit it because it wasn't submitted earlier so it's not part of the record. It's extra record evidence. That's precisely my question. So there's nothing in the record that tells us whether it's 90 or 100 or anything else. That's correct. Are you able to assert at this point that in fact if you had the opportunity you would provide for the record a document which says it's 100%? Yes, Your Honor. I have provided that document to my opponent but again under Lowry v. Barnhart I tread cautiously here. So is there any reason why it was not provided at the hearing initially? Your Honor, I read through that and it looked like the attorney at that time thought he had provided it but he had not. And the administrative law judge did not ask for it afterwards nor did he subpoena it. It's curious. In the record there appears to be an indication that your client appealed the disability determination. Right. And the ALJ did not credit the statement that there was a 100% disability rating because it would be anomalous for the veteran to appeal if there were a 100% disability rating. Well, but he's using a priori reasoning when the question is empirical. He needs to ask and that's what the McLeod court said. But apart from that, why don't you respond to Judge Rawlinson's question? Well, the date might make a difference, the date of the disability rating. So I don't know when he appealed it. Well, either it was or it was not a matter of record at the time of the hearing. That's the operative date that we are interested in. So was the appeal a matter of record at the time of the hearing? I mean, was the rating a matter of public record at the time of the hearing? Do you know or not? I do know. And was it? Yes, it was October 2007, 100% disability rating by the VA. Again, that's extra record evidence. I understand that but I'm just curious as to why there would have been an appeal of a 100% disability rating. That's what the record reflects. But what was the date of the appeal? That's what I don't understand. That's something I probably should have prepared for you, what date he appealed and what date, as I understand it. Well, I would think you should prepare on that because that was expressly recited by the ALJ as a basis for not asking for the VA material. That's true. Well, let's get it specific. Did your client appeal or did he not appeal the disability rating? He appealed it. He did appeal it? Correct. And at the time he appealed it, what was he appealing from? What was the holding at the time he appealed? Was it 90? Was it less than 90? Was it 100? Was it something else? Well, we have from Dr. Craft and from Dr. Flynn, 90. Okay. Now, they mentioned it in the record, and the dates of their examinations would have been early enough. All right, so in the record we know it was 90. We also know that that was appealed. Correct. We also hear that your client says no, it was 100%. Correct. So isn't the ALJ entitled under those circumstances to credit the 90 and not the 100? Well, if he credits the 90, that will still add up to a total disability because if the depression is 50% you're going off on a tangent. You don't add all the disability rating. I mean, what authority do you have to support the argument that you add up all the disability ratings to get a disability, a final disability? Right. It's 38 CFR 4.25. I cited it in my brief. It's the way the Veterans Administration does a total calculation from all the subs. Okay, but you're citing the VA regs, not the Social Security regs. Correct. All right, well, we're here on a Social Security case. True, but the ALJ had the obligation under McLeod to obtain the 90% or 100% disability rating and to give it great weight. He never acknowledged there was a 90%. Well, actually, the claimant had the obligation to present all of the evidence that bore upon the disability. So if competing evidence is presented, the ALJ is entitled to credit whatever evidence it thinks is credited. There's only an obligation to complete the record if the record is missing something. So there is no indication that the ALJ was informed that there was something missing from the record. But he was. Dr. Craft said 90%. Dr. Flynn said 90% overall disability rating. So that wasn't missing then. But the ALJ did not acknowledge it. He didn't give it great weight and then show reasons to discount it. Well, he explained why he discounted the VA. I mean, if you're going to discount a 100% rating, a 90% rating would have been discounted as well. I don't understand why you think the ALJ had the obligation to do something else in terms of making the claimant's case. Well, the McLeod Court says that is a reversible error, where the ALJ hasn't obtained a disability rating likely to exist. But it was there. I mean, there was evidence in the record regarding a disability rating. Now, whether or not it was accurate is an entirely different issue. But it was not missing from the record. Your Honor, I believe it was missing from the record. No, the one that you wanted was missing from the record. But the disability rating was in the record. And there were several disability ratings in the record. And that's the problem, is that when the ALJ has competing information from the claimant, then the ALJ has to determine what to credit and what not to credit. That's the difficulty I see with your position, is that it appears to me that you're putting the burden on the ALJ to make the plaintiff's case. But it is on the ALJ to make the plaintiff's case. No, it's not. It's on the ALJ to weigh the evidence. And if it's totally missing, if something is totally missing from the record, then the ALJ has to inquire. But I'm not sure that's this case. I'm just speaking for myself. I don't know. Well, the ALJ does have the duty to inquire. Again, the 90% was mentioned by doctors, but the ALJ did not acknowledge it. But let me move to the depression rating. Before you do, what does the record tell us about whether your client was under a disability pension from the VA? Only his testimony that it was 100%. In other words, I'm not talking about the disability rating. I'm talking about whether or not he was, in fact, receiving a VA pension. I don't know if that's in the record, the amount that he was receiving. Or that he was receiving any pension. Well, that's by implication from the lengthy VA report we did have. Well, not necessarily. Well, then the record doesn't include an identification of the pension or its amount. All right. That's true. Thank you. But the ALJ still had the independent duty, whether or not plaintiff's represented by counsel, to make sure the record's developed fully and fairly. And what's wrong here is that the ALJ didn't acknowledge there was a 90% disability rating. Now, what case are you relying upon to support your argument that even when a claimant is represented by an attorney, that the ALJ has the obligation to supplement the record? McLeod. Tonya Pettyen. What's your very strongest case? McLeod. And what is the language in McLeod that says even if a claimant is represented by an attorney, the ALJ has an obligation to supplement the record? That's the language. What page of McLeod are you relying upon? I'm sorry, Your Honor, I don't have that exact page. It's stated in a small paragraph at the beginning of the analysis, the duty is independent whether or not the plaintiff is represented. Counsel, I'm looking at page 21 of the ALJ's decision. Okay. And in the upper paragraph, it says that the DVA, that's the Veterans Affairs, determined that the claimant is not 100% disabled in any of those areas, and it mentioned 30%, 20%, so forth. That tells me, unless you can persuade me otherwise, that the ALJ considered the DVA rating as of that time and concluded that it did not represent 100%. No, he read that wrong. Those are individual ratings, but they do sum under veterans' rulings. So he needed to look to find what was the overall rating. Was that argument made that at the hearing that under the VA regulations, you sum all of the individual ratings? I'm not sure. I don't know. Was that argument made? It was not. It was not made at the hearing. But again, waiver doesn't apply at ALJ hearings. The ALJ is the inquisitor who has the duty to develop the record. That's why they get the deference. If you're going to take away some of that duty, take away some of the deference. But the ALJ made an important error on evaluating depression, and I want to get that in. The Veterans Administration raised the disability rating on depression from 30% to 50% based on a specific examination the Veterans Analysis talks about. It was a CE psych eval in November 2006. That's not in this record. But the VA is referring to it as the basis for raising the rating from 30% to 50%. Now, what about page 193 of the record? Isn't that the VA rating we're talking about? Yeah, it goes for several pages. I think 195 and 196 is where depression is discussed. Okay, but the document that begins at 171, January 16, 2007. Correct. This looks like it's the report of the evaluation of the VA. And if you go to 193, there's 30%, 30%, 50%, 20%, 20%, 0%. If you were to add everything, it would be over 100%. That cannot be right. No, it's done in, as I described, a cascading sum. You take 70% and you take 30% of 70%, 20% of 50%. I mean, with each one, you have a remaining efficiency, and then that's subtracted from by the next disability rating. All right, we understand your argument. I'm looking at McLeod, and McLeod seems to say that, in that case, the ALJ didn't even mention the VA disability rating. We don't have that case here. So if that's your strongest case, then I'm not sure I'm persuaded by your reliance on it. Well, in our case, just as in McLeod, the ALJ did not obtain a disability overall rating that was likely to exist. This case is not like McLeod because the panel took great pains to say in McLeod that there was not even a mention of the VA disability rating, and that's why the ALJ erred in that case because it didn't even mention the VA disability rating. In this case, it was mentioned and discounted by the ALJ. But it was inaccurate. He mentioned it inaccurately. That's a different question. It's not the McLeod situation, but it's a different question as to whether the ALJ should have given more credit to it. Well, let me move to the depression finding. That was raised from 30% to 50%. The ALJ did not acknowledge that, but it's very important because there's a CE that the VA is referring to that isn't in this medical record. The ALJ relied on Dr. Kraft, a reviewing physician, but she did not mention the November 2006 CE rating, which had similar findings to Dr. Schultz a year and a half later. In fact, I misread the record. I thought it was Dr. Schultz. It's not. It's an earlier one, and it's not in this record. So that's another important point for the ALJ to read these ratings carefully. Thirty percent was wrong. It was 50 for a reason, a missing examination. So we can rule out the Valentine case then, which would otherwise possibly apply. In Valentine, the ALJ relied on state agency physicians who had more evidence than the VA. Here the VA apparently had different evidence than the state agency physicians. So it's important in evaluating the depression as in the RFC assessment and as a severe impairment that the VA did have evidence raising from 30 to 50. The other difference in McLeod is that that claimant was not represented by an attorney. That's true, Your Honor. But again, the plaintiff, the claimant has heightened rights where there's mental impairments at issue. That's from the Tonopetian case also. So although we don't have the non-representation, the ALJ is the inquisitor with an independent duty, heightened duty to a mentally impaired plaintiff. I thought you cited McLeod for the proposition that even when a claimant is represented by an attorney, the ALJ has the obligation to supplement the record. It is in there. It's a statement that the court makes. It cites Tonopetian and it cites Brown v. Heckler. No, it cited Tonopetian for the premise that the ALJ must be especially diligent when the claimant is unrepresented or has only a lay representative. That's what it cited Tonopetian for. But if you keep reading the paragraph, the duty applies even if the claimant is represented. I don't see that. I apologize, Your Honor. I think it is in there. Well, thank you, Counsel. Your time has expired. Yes, it has. No rebuttal? No rebuttal. Okay. Thank you very much. We'll hear from the government. Thank you, Your Honors. Good morning. Gerald Hill for Defendant Commissioner of Social Security. I'm here. Here, the ALJ had no duty to make further inquiry of the VA based on the statements of plaintiff's attorney, Mr. Chalbery's attorney, that he submitted the VA rating. It sounds like the court appreciates that. In addition, the record, as the court knows, contains the VA evidence of the VA decision, the only one that the ALJ had reason to believe was before him. Although there is a discrepancy between the plaintiff's testimony on the one hand and his attorney's argument also on that hand versus what is in the file, that did not create a reasonable expectation by the ALJ that he didn't have all the evidence. So what's your understanding of what the discrepancy was? The plaintiff testified, and his attorney argued that he had a 100% disability rating. The evidence in the file did not show that. It showed 90%? It showed certain ratings, 30%, 30%, 50% for depression. The evidence of 90% that counsel refers to appears to be a statement that the plaintiff made to Dr. Flynn and then that is repeated in Dr. Traft's report summarizing the evidence. So that appears not to be a fact. So the 90% originates with the petitioner's own recital then? Yes. It appears to be. Because I looked at page 193, 194, and I need your help on this. The heading is decision. This is at the end of the evaluation. Decision. Evaluation of headaches, 30%. Intervertebral disc syndrome, 30% and so forth. There is no overall evaluation that would either be 90 or 100%. That's right, Your Honor. Is that correct? That's correct. That's correct. There is no, I guess they call it a combined rating. So the 90% is simply an interpretation of what that passage means. Is that correct? 90% is what the claimant himself told Dr. Flynn. Okay. And then Dr. Traft repeats that. Are you in a position to tell us that there is no document from the VA that says he's 90% disabled? That's what I conclude based on my review of the file. I have not found a document that says 90%. This file was very confusing in a lot of respects. There was no identification of the providers, whether they were doctors, physician assistants, nurse practitioners. It was really difficult to ascertain from the records what was going on. Yes, I agree. Many of the VA medical records did not distinguish between types of providers. Yeah. Okay. And so just Dr. Flynn's notation about the 90% rating is on page 457 of the record. Then Dr. Traft is summarizing Dr. Flynn's report at page 507 of the record. Well, pursuant to McLeod, would you consider that record to be ambiguous to the point where the ALJ should have made further inquiry? I would not, Your Honor. Why not? Because a mere contradiction in the record doesn't suffice, particularly in this case where the claimant's attorney told the ALJ that he had submitted the records. So then when the ALJ goes to the file and finds records from the VA, including a page, as Judge O'Scanlan noted, that has a heading decision on it, then the ALJ would reasonably believe that he has the records that were referred to, even though there is a contradiction. Can you explain the apparent dichotomy in the representation that there's a 100% disability rating in the appeal? What was going on there? Do you know? Are you talking about the ALJ's findings about why would the claimant appeal a 100% rating? I think that he looked at the evidence from the VA, did not find a 100% rating, looked at the first, I don't know what pages he exactly looked at, but he said he considered all the evidence and he cited the exhibit. The one that Judge O'Scanlan was referring to? Yes, I think page 171. And that document states that. That's the beginning of the report. Yes, and it's a letter that says, Notice of Disagreement, something to the effect that we acknowledge that you disagree with our rating decision and it provides further steps that must be taken to perfect appeal. Here's that the Notice of Disagreement is what generated this case statement, which is the evidence from the VA concerning what these rating decisions are. Now, is there ever any effort which would be revealed on the record that Mr. Chaudhry tried to introduce or ask that the record be reopened to introduce a subsequent evaluation? I have not found any evidence of that on the record, Your Honor. Because did this decision from the ALJ go to the Appeals Council? Yes. And so that would be an opportunity for it to be reopened at that stage, right? Yes. He was free to submit new evidence to the Appeals Council. There is no evidence in the file, nothing to reflect that a new rating decision was submitted. He could have moved under Sentence 6 for admission of new evidence to the court and a remand for consideration of that evidence. I'm referring to Sentence 6 of 42 U.S.C. 405 G. But he did not make that motion in the district court. Was there any evidence in the record that the claimant was receiving a pension? I heard the court's question, and I'm not aware of any evidence in the record. I flipped some pages at the counsel's table, but I have not found any. Anything further, counsel? Ask the court if it has any questions. I think other issues are straightforward. I guess counsel did bring up the issue of a discrepancy between the ALJ's recitation of a 30% disability rating for depression and the January 17, 2006, rating at 50%. And that is a misstatement by the ALJ. The defendant's position is it's not a material misstatement. The ALJ was properly focused on the assertion that he had a 100% disability rating. The ALJ, I think I called this a typographical error in my brief. I regret that language. It does not appear to be a typographical error. The ALJ cited the wrong page of the VA materials. He cited the page that listed the issues, which would have been the prior determination rather than the January 16, 2007 decision. Sorry. I hope the court wasn't misled. It was not my intention. No further questions, counsel? The case just argued will be submitted for decision, and the court will adjourn. The hearing is adjourned.
judges: Molloy, O'scannlain, Rawlinson